UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No.  CR-21-271-CBG |
| ) | |
| LLOYD RAY HATLEY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Now before the Court is the Government's Motion to Dismiss (Doc. No. 87).  A Second Superseding Indictment was returned on February 22, 2022 (Doc. No. 57), charging Defendant Lloyd Ray Hatley with the following:

1. Count One: Manslaughter in Indian Country, in violation of 18 U.S.C. §§ 1112, 1151, and 1153;
2. Count Two: Driving Under the Influence Resulting in Great Bodily Injury, in violation of 18 U.S.C. §§ 13, 13b(2)(A), 1151, and 1152, and 47 O.S. § 11-904(B);
3. Count Three: Driving Under the Influence Resulting in Great Bodily Injury, in violation of 18 U.S.C. §§ 13, 13b(2)(A), 1151, and 1152, and 47 O.S. § 11-904(B); and
4. Count Four: Manslaughter in Indian Country, in violation of 18 U.S.C. §§ 1112, 1151, and 1153.

The Government now moves to dismiss Count Three, representing that Defendant does not oppose dismissal.  *See* Gov't's Mot. at 1.

"Under Rule 48(a), courts must grant prosecutors leave to dismiss charges unless dismissal is 'clearly contrary to manifest public interest.'"  *United States v. Robertson*, 45 F.3d 1423, 1437 n.14 (10th Cir. 1995) (quoting *Rinaldi v. United States,* 434 U.S. 22, 30

(1977); *see also United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004).  Having considered the Government's representations, the Court concludes that the dismissal of Count Three is not contrary to public interest.  The Government's Motion (Doc. No. 87) therefore is GRANTED.  Count Three of the February 22, 2022 Second Superseding Indictment is therefore DISMISSED WITHOUT PREJUDICE.

    IT IS SO ORDERED this 22nd day of April, 2022.

_____
CHARLES B. GOODWIN
United States District Judge